UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VOO-DOO DADDY PRODUCTIONS,
LLC, a Florida Limited Liability
Company,

      Plaintiff,

v.                                          Case No: 8:22-cv-1419-WFJ-AAS

COLORBLIND MEDIA, LLC, a
Florida Limited Liability Company,

      Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant Colorblind Media, LLC's Partial Motion to Dismiss, Dkt. 20. Plaintiff Voo-Doo Daddy Productions, LLC filed a response in opposition, Dkt. 21, to which Defendant replied, Dkt. 22. Upon careful consideration, the Court grants Defendant's motion.

## BACKGROUND

Plaintiff is a Florida limited liability company that co-produces the television series, "The Seahunter." Dkt. 16 ¶¶ 5, 20. Since its premiere in 2016, The Seahunter has depicted the saltwater fishing techniques of its executive producer and host, Captain Robert Fordyce III. *Id.* ¶¶ 11−12. The series runs on multiple television channels and averages over five million viewers each year. *Id.* ¶

13. Pursuant to a written contract with Plaintiff, The Seahunter is exclusively distributed by media company Outdoor Sportsman Group ("OSG"). *Id.* ¶¶ 14, 89.

In June 2018, Plaintiff hired Defendant—a production company based in Florida—to film, edit, and deliver episodes and other media for The Seahunter. Dkt. 16 ¶¶ 24. Though Defendant thereafter produced the requested media for nearly four years, *id.* ¶ 25, the parties never executed a written contract. According to Plaintiff, the parties orally agreed that Plaintiff owned all of the media created by Defendant and that Defendant would assign the rights to that media to Plaintiff. *Id.* ¶ 26. Notwithstanding, Plaintiff contends that Defendant "has since refused to execute an assignment" of the media rights to Plaintiff. *Id.* ¶ 27.

Plaintiff asserts that, in March 2021, it discovered that Defendant had uploaded over twenty episodes of The Seahunter to Defendant's YouTube channel without Plaintiff's consent. *Id.* ¶ 28. Defendant also purportedly uploaded The Seahunter content to its Instagram account. *Id.* ¶ 29. Plaintiff states that the episodes and content uploaded by Defendant prominently feature Plaintiff's series-related trademarks, as well as the name and likeness of Captain Fordyce. *Id.* ¶ 32. Plaintiff contends that several full and/or partial episodes of The Seahunter remain on Defendant's YouTube channel. *Id.* ¶ 37.

Based on the above allegations, Plaintiff and Captain Fordyce filed this suit against Defendant on June 22, 2022. Dkt. 1. Following Defendant's filing of a

motion to dismiss, Dkt. 15, Plaintiff brought an Amended Complaint in October 2022 that no longer named Captain Fordyce as a party to the suit, Dkt. 16. At some point between the filing of the initial complaint and Plaintiff's Amended Complaint, Plaintiff and Captain Fordyce executed a nunc pro tunc agreement, effective August 17, 2012, assigning Plaintiff "all rights, title, and interest" in Captain Fordyce's name, likeness, and image used in connection with The Seahunter. *Id.* ¶ 21.

Plaintiff's Amended Complaint asserts nine claims against Defendant. *Id.* Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant now moves to dismiss three of Plaintiff's claims: statutory unauthorized use of name and likeness (Count IV); common law misappropriation of name or likeness (Count V); and tortious interference (Count VI). Dkt. 20.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* A plaintiff's complaint must also "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion to dismiss, a complaint's factual

3

allegations are accepted as true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The Court should limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

Separate from a motion to dismiss for failure to state a claim, a motion to dismiss challenging a plaintiff's standing is properly brought under Rule 12(b)(1) for lack of subject matter jurisdiction. A Rule 12(b)(1) motion may assert either a facial or factual attack on the plaintiff's complaint. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A facial attack requires the court to consider whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *Id.* In doing so, the court must take the allegations in the plaintiff's complaint as true. *Id.* at 1232−33. A factual attack, on the other hand, challenges the existence of subject matter jurisdiction through affidavits, testimony, or other material extrinsic from the pleadings. *Id.* at 1233.

## ANALYSIS

As a preliminary matter, Plaintiff contends that Defendant's Motion to Dismiss should be denied for failure to comply with Local Rule 3.01(g)'s duty to confer in good faith prior to the motion's filing. Pursuant to Local Rule 3.01(g), a party filing a motion in a civil case "must confer with the opposing party in a good

faith effort to resolve the motion." While a court may dismiss a motion filed in violation of this rule, the Court prefers to resolve Defendant's motion on the merits without assessing the sufficiency of defense counsel's limited conferral with Plaintiff's counsel.[1] The Court expects defense counsel to engage in substantive discussions with Plaintiff's counsel in good faith prior to filing future motions subject to Local Rule 3.01(g).

Turning to the merits of the present motion, Defendant moves for the dismissal of Counts IV, V, and VI pursuant to Rule 12(b)(6). Dkt. 20 at 2−3. Concerning Counts IV and V, Defendant avers that Plaintiff does not have standing to bring its statutory and common law unlawful use of name and likeness claims. *Id.* As for Count VI, Defendant contends that Plaintiff has failed to sufficiently plead the elements of a tortious interference claim. *Id.* at 3. The Court considers the sufficiency of the challenged claims in turn.

## I. Counts IV and V: Unlawful Use of Name and Likeness

In Counts IV and V, Plaintiff brings statutory and common law unlawful use of name and likeness claims based upon Defendant's alleged misappropriation of Captain Fordyce's name, image, and likeness. Dkt. 16 ¶¶ 61−86. In moving to

---

[1] The parties briefly discussed over email defense counsel's intent to file the present Motion to Dismiss and whether defense counsel had satisfied Local Rule 3.01(g). Dkt. 21-1.

dismiss these claims, Defendant contends that Plaintiff lacks standing to bring claims pertaining to Captain Fordyce's publicity rights. Dkt. 20 at 3−6.

Though Defendant states that its Motion to Dismiss is brought pursuant to Rule 12(b)(6) for failure to state a claim, Rule 12(b)(6) does not govern challenges to standing. Rather, standing is a jurisdiction issue that a party may challenge through a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). The Court therefore construes this portion of Defendant's motion to be brought pursuant to Rule 12(b)(1). Because Defendant challenges the sufficiency of Plaintiff's allegations and does not ask the Court to consider extrinsic material, the Court understands Defendant to assert a facial attack on Plaintiff's Amended Complaint. *See Stalley*, 524 F.3d at 1232.

To establish standing, "[a] plaintiff must allege a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Relevant to this matter, claims for unlawful use of name and likeness may only be brought by (1) a natural person, or (2) a person, firm, or corporation authorized by the natural person in writing to license the commercial use of his or her name and likeness. *See* Fla. Stat. § 540.08(2); *see also Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1320 n.1 (11th Cir. 2006) (finding that unlawful use of name and likeness claims brought under Florida statutory law and common law are "substantially identical").

Importantly, standing is "determined as of the time at which the plaintiff's complaint is filed." *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003) (citations omitted).

According to Defendant, Plaintiff did not allege that it had been assigned the rights to Captain Fordyce's name, image, and likeness at the time this lawsuit was filed. Dkt. 20 at 5. Instead, Plaintiff and Captain Fordyce purportedly executed a nunc pro tunc assignment of Captain Fordyce's publicity rights *after* the filing of the initial complaint. Defendant asserts that "[i]f the assignment [of rights] occurred after this lawsuit was originally filed, then [Plaintiff] never had standing to challenge the misappropriation of Fordyce's likeness[.]" *Id.* at 5−6. Defendant maintains that this is true even where such an assignment is made nunc pro tunc to effectively predate an initial complaint's filing. *Id.*

Plaintiff does not dispute that it acquired the rights to Captain Fordyce's name, image, and likeness after the commencement of this lawsuit. Dkt. 21 at 10−12. However, Plaintiff contends that this assignment of rights provides Plaintiff with standing due to its retroactive effect. *Id.* Plaintiff also seemingly avers that it has standing to bring Counts IV and V because Captain Fordyce was previously a plaintiff in this case. *Id.* at 12. Neither argument is availing.

"In order for an assignment with a retroactive effective date to be valid for standing purposes, the assignee must possess the assigned rights on the day it filed

7

the complaint." *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1220 (11th Cir. 2020) (citations and internal quotes omitted). "This requirement cannot be met retroactively," meaning a nunc pro tunc assignment does not confer standing if executed after the complaint's filing. *Id.* (citations and internal quotes omitted). In asserting otherwise, Plaintiff misinterprets the case law.

For example, in contending that "other courts in this [D]istrict have concluded precisely the opposite," Plaintiff quotes a court as stating that a nunc pro tunc assignment of rights can retroactively create standing. Dkt. 21 at 11 (citing *MSP Recovery Claims, Series LLC v. AIX Specialty Ins. Co.*, No. 6:18-cv-1456-Orl-40DCI, 2020 WL 5524854, at *1 (M.D. Fla. Aug. 10, 2020)). And indeed, it can—if the nunc pro tunc assignment was executed *prior* to the filing of the initial complaint, as it was in the *MSP Recovery Claims* lawsuits. *See* 965 F.3d at 1220 (citations omitted) ("[A] nunc pro tunc assignment filed before the filing date of the action with an effective assignment date before the action does effect a valid transfer of rights sufficient to confer standing."). That is not the case here.

Given there are no allegations that Plaintiff and Captain Fordyce executed the nunc pro tunc assignment of rights prior to filing the initial complaint in June 2022, Plaintiff cannot rely on that assignment to establish its standing to bring Counts IV and V. And contrary to Plaintiff's alternative position, the fact that

Captain Fordyce was formerly a plaintiff in this action does not afford Plaintiff standing to sue for misappropriation of Captain Fordyce's publicity rights. Plaintiff offers no case law suggesting otherwise.

Plaintiff has ultimately failed to plead allegations sufficient to establish its standing to bring Counts IV and V, thereby leaving this Court without subject matter jurisdiction to hear those claims. Counts IV and V must be dismissed.

**II.  Count VI: Tortious Interference**

In Count VI, Plaintiff brings a tortious interference claim against Defendant for its alleged interference with Plaintiff and OSG's business relationship. Dkt. 16 ¶¶ 87–95. To state a claim for tortious interference under Florida law, a plaintiff must show: (1) the existence of a business relationship; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff as a result of the breach of the relationship. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994) (citation omitted). Defendant asserts that Plaintiff has failed to adequately plead damages, as Plaintiff has not alleged a breach of its relationship with OSG nor any harm flowing from a breach. Dkt. 20 at 8.

As the Eleventh Circuit has explained, "[a]n integral element of a claim of tortious interference with a business relationship requires proof of damage to the plaintiff as a result of the breach of the relationship." *Worldwide Primates, Inc. v.*

9

*McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994) (citation omitted). Under Florida law, a plaintiff bringing a tortious interference claim must show "actual harm to a business relationship, as opposed to merely a suspicion or unsupported and speculative supposition of harm." *Adam Arms, LLC, v. Unified Weapon Sys., Inc.*, No. 8:16-cv-1503-T-33AEP, 2017 WL 519273, at *6 (M.D. Fla. Feb. 8, 2017) (citing *Realauction.com, LLC v. Grant St. Grp.*, 82 So. 3d 1056, 1058 (Fla. 4th DCA 2011)). Plaintiff has failed to plead such harm.

  In its Amended Complaint, Plaintiff alleges that Defendant's publication of The Seahunter media on its YouTube channel has placed Plaintiff in "imminent jeopardy of breaching its contract with [OSG]," such that Plaintiff is "in jeopardy of being sued by [OSG]." Dkt. 16 ¶¶ 90, 95. Plaintiff also asserts that Defendant has "jeopardized prospective business opportunities" with OSG. *Id.* ¶ 95; Dkt. 21 at 14. These are merely speculative harms. Without any allegations of actual harm flowing from a breach of its relationship with OSG, Plaintiff has not sufficiently pled a claim for tortious interference. Count VI is due to be dismissed.

10

## CONCLUSION

Based on the foregoing, Defendant's Partial Motion to Dismiss, Dkt. 20, is **GRANTED**. Counts IV, V, and VI are dismissed without prejudice.

**DONE AND ORDERED** at Tampa, Florida, on November 28, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record