UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VOO-DOO DADDY PRODUCTIONS,
LLC, a Florida Limited Liability
Company

      Plaintiff,

v.                                                   Case No: 8:22-cv-1419-WFJ-AAS

COLORBLIND MEDIA, LLC, a
Florida Limited Liability Company,

      Defendant.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Voo-Doo Daddy Productions, LLC's Motion for Reconsideration of the Court's Order Granting Defendant Colorblind Media, LLC's Partial Motion to Dismiss. Dkt. 25. The Court finds that Plaintiff's Motion for Reconsideration is due to be denied.

Federal Rule of Civil Procedure 59(e) affords a court "broad discretion to reconsider an order which it has entered." However, reconsideration is "an extraordinary remedy to be used sparingly." *Drew v. Ocwen Loan Servicing, LLC*, No. 8:14-cv-369-T-26TGW, 2014 WL 10504424, at *1 (M.D. Fla. Apr. 29, 2014). The three grounds justifying a motion for reconsideration are: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to

correct clear error and manifest injustice." *Strubel ex rel. Strubel v. Hartford Ins. Co. of the Midwest*, No. 8:09-ev-1858-T-17-TBM, 2010 WL 2985654, at *2 (M.D. Fla. July 26, 2010) (citing *Sussman v. Salem, Saxon, & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). Litigants who assert clear error and manifest injustice should consider "whether what may seem to be a clear error is in fact simply a point of disagreement between the Court and the litigant." *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Here, Plaintiff asserts that the Court clearly erred in three ways. First, Plaintiff asserts that the Court clearly erred in dismissing Plaintiff's statutory and common law misappropriation of name and likeness claims. Dkt. 25 at 4−6. After commencing this lawsuit, Plaintiff was assigned non-party Captain Robert Fordyce III's publicity rights through a nunc pro tunc agreement that effectively predated the lawsuit's filing. *See* Dkt. 16 ¶ 21. Plaintiff then filed its Amended Complaint asserting claims of Defendant's misappropriation of Captain Fordyce's publicity rights. *Id.* ¶¶ 61−86. The Court granted Defendant's subsequent Partial Motion to Dismiss the two claims for lack of standing, as a nunc pro tunc agreement does not confer standing if executed after the complaint's filing. Dkt. 23 at 7−8.

Plaintiff does not cite any relevant case law demonstrating that this determination based on Eleventh Circuit case law constitutes clear error. Instead, Plaintiff only discusses patent cases in which courts have found that a retroactive

assignment of a *patent* may still confer standing. Dkt. 25 at 5−6. This is not a patent case. With Plaintiff citing no authority in which this exception was applied outside of the patent context, it has failed to show that the Court clearly erred in dismissing Plaintiff's misappropriation of name and likeness claims. To the extent that Plaintiff also contends that "significant public policy considerations [] strongly weigh against dismissal" of the two claims, *id.* at 7−8, the Court disagrees. For this proposition, Plaintiff similarly relies on non-binding patent cases. *Id.*

Next, Plaintiff asserts that the Court's consideration of Defendant's Reply, Dkt. 22, constitutes clear error because "there are no replies as a matter of right within this [D]istrict," Dkt. 25 at 9. While it is true that Local Rule 3.01(d) does not permit replies as a matter of right, the undersigned does. As set forth in the undersigned's preferences published on this District's website, replies "are permissible without leave of court."[1] Consideration of Defendant's Reply was therefore not clearly erroneous.

Finally, Plaintiff asserts that the Court clearly erred in dismissing its tortious interference claim for failure to plead actual harm flowing from a breach of its relationship with non-party Outdoor Sportsman Group ("OSG"). *Id.* at 10−12. Plaintiff contends that the Court overlooked its allegation that it "suffered actual harm to its reputation which was reasonably to be expected from the interference,

---

[1] *See* flmd.uscourts.gov/judges/william-jung.

3

pecuniary loss of the benefits of the contract and/or the prospective relationship, and consequential losses reasonably flowing from the interference." *Id.* at 11. However, Plaintiff fails to recognize that it has not alleged any interference. As the Court explained, a tortious interference claim "requires proof of damage to the plaintiff *as a result of the breach of the relationship*," meaning a plaintiff must show "actual harm *to the business relationship*." *See* Dkt. 23 at 9–10 (emphasis added) (citations omitted). Plaintiff alleged no such harm to its relationship with OSG. Plaintiff merely asserted that its relationship with OSG was "in imminent jeopardy," which the Court explained is too speculative. *Id.* at 10. In other words, Plaintiff's tortious interference claim is premature absent allegations of actual interference with its relationship with OSG.

Given Plaintiff has failed to demonstrate grounds for reconsideration, Plaintiff's Motion for Reconsideration, Dkt. 25, is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on December 13, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record