UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VOO-DOO DADDY PRODUCTIONS,
LLC, a Florida Limited Liability
Company,

      Plaintiff,

v.                                                     Case No: 8:22-cv-1419-WFJ-AAS

COLORBLIND MEDIA, LLC,
a Florida Limited Liability Company,

      Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff Voo-Doo Daddy Productions, LLC's Motion to Dismiss Defendant Colorblind Media, LLC's Counterclaim. Dkt. 28. Defendant responded in opposition. Dkt. 29. Upon careful consideration, the Court grants-in-part and denies-in-part Plaintiff's motion.

### BACKGROUND

This case arises from a dispute between Plaintiff, a company that co-produces "The Seahunter," a television series about saltwater fishing, and Defendant, a production company that Plaintiff hired to film, edit, and deliver episodes and other media for the series. *See* Dkt. 16. The Court previously set forth the facts underlying this suit in its Order Granting Defendant's Partial Motion to

Dismiss. *See* Dkt. 23. That factual background is incorporated herein by reference.

Following the Court's aforementioned Order, Defendant answered Plaintiff's Amended Complaint and brought a counterclaim consisting of four counts: declaratory judgment regarding copyright ownership (Count I); account stated (Count II); open account (Count III); and unjust enrichment (Count IV). Dkt. 24 at 14−17. Plaintiff now moves to dismiss each count pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 28.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a litigant must plead sufficient facts to a state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* A litigant's claim must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Moreover, at the dismissal stage, a complaint's factual allegations are accepted as true and construed in the light most favorable to the litigant bringing the claim. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The Court should limit its "considerations to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## ANALYSIS

In its present motion, Plaintiff contends that Defendant's four claims must be dismissed for failure to state a claim for which relief can be granted. Dkt. 28. The Court considers the sufficiency of each of Defendant's claims in turn.

**Count I: Declaratory Judgment**

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendant's Count I seeks a declaration "that [Defendant] owns the copyrights in the Work" at issue. Dkt. 24 at 14. The parties agree that the "Work" consists of finished and unfinished episodes, raw footage, B-roll footage, and photographs that Defendant captured in connection with Plaintiff's television series. *Id.* at 2; Dkt. ¶ 4.

Plaintiff states that Count I should be dismissed pursuant to Rule 12(b)(6) because the Declaratory Judgment Act "does not establish an independent cause of action and merely establishes a legal remedy available in cases brought pursuant to some other law." Dkt. 28 at 4−5. Additionally, Plaintiff contends that Defendant has not satisfied the Declaratory Judgment Act's threshold question of whether a justiciable controversy exists, as Defendant has not alleged an actual or threatened injury that is fairly traceable to Plaintiff and likely to be redressed by a favorable court disposition. *Id.* Neither argument is availing.

To the extent that Plaintiff seemingly takes issue with Defendant's pleading

of a declaratory judgment claim in a standalone count, parties routinely plead declaratory judgment claims in distinct counts. And as Defendant notes, Plaintiff brought its own declaratory judgment claim in precisely the same manner. *See* Dkt. 16 ¶¶ 44−49 ("COUNT I — DECLARATORY JUDGMENT"). Moreover, courts have entertained counterclaims solely seeking declaratory judgments. *See, e.g.*, *New Market Realty 1L LLC v. Great Lakes Ins. SE*, 341 F.R.D. 322, 326 (M.D. Fla. 2022).

    Plaintiff's additional argument that Defendant has not shown a justiciable controversy appears to be a 12(b)(1) challenge to Defendant's standing rather than a Rule 12(b)(6) challenge for failure to state a claim. It is clear that Defendant has standing to seek a declaratory judgment concerning its ownership of the copyrights in the Work. Plaintiff has placed the ownership of the copyrights in question by bringing an Amended Complaint that requests a declaratory judgment that "[Plaintiff] is the sole and exclusive owner of the copyright in the Work[.]" *Id.* ¶ 49. As such, there is a justiciable controversy as to whether Plaintiff or Defendant owns the copyrights. *See New Market Realty*, 341 F.R.D. at 326 (plaintiff's complaint established an ongoing, live controversy that rendered defendant's declaratory judgment counterclaim a justiciable controversy). Plaintiff's Motion to

Dismiss is therefore denied as to Count I.[1]

**Count II: Account Stated**

Defendant's Count II is a claim for account stated based on Plaintiff's alleged failure to pay a remaining sum of $12,000 on Defendant's final invoice. Dk. 24 at 15−16. In moving to dismiss, Plaintiff contends that Defendant's Count II necessarily fails because Defendant does not assert that Plaintiff agreed to pay that $12,000. Dkt. 28 at 6−8.

"An 'account stated' is defined as an agreement between persons who had had previous transactions, fixing the amount due in respect to such transactions and promising payment." *Idearc Media Corp. v. Premier Limousine, LLC*, No. 8:08-cv-1695-T-30MAP, 2009 WL 482293, at *2 (M.D. Fla. Feb. 25, 2009) (quoting *Nants v. F.D.I.C.*, 864 F. Supp. 1211, 1219 (S.D. Fla. 1994)). An account stated typically "arises from the rendition of a statement of transactions between the parties with a failure on the part of the party whom the account was rendered to object within a reasonable time or an express acquiescence in the account

---

[1] However, the Court notes that, pursuant to the discretion afforded to courts by the Declaratory Judgment Act, "[a] number of courts have dismissed counterclaims that contain repetitious issues already before the court by way of the complaint or affirmative defenses." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011); *see also Fla. Virtual Sch. v. K12, Inc.*, No. 6:20-cv-2354-GAP-EJK, 2021 WL 9204485, at *2 (M.D. Fla. July 27, 2021). Defendant's Count I declaratory judgment claim appears repetitious when one considers Plaintiff's declaratory judgment claim, *see* Dkt. 16 ¶¶ 44−49, and Defendant's second affirmative defense, *see* Dkt. 24 at 11. Nevertheless, out of an abundance of caution, the Court declines to dismiss Defendant's Count I.

rendered." *Id.* (quoting *Nants*, 864 F. Supp. at 1219).

Here, Defendant alleges that Plaintiff "agreed and promised to pay [Defendant] . . . agreed upon rates of $13,000 per completed episode and $6,000 per episode for filming when an episode was not made." Dkt. 24 at 15. Defendant further alleges that Plaintiff had previously "paid a portion of [Defendant]'s invoices" billing Plaintiff at those rates. *Id.* at 16. The final invoice, which Defendant attached to its Counterclaim, likewise purports to bill Plaintiff at the above rates. Dkt. 24-1. There is also no indication within Defendant's Count II that Plaintiff ever objected to the $12,000 allegedly owed on this final invoice.

By asserting that Plaintiff agreed to pay—and did, in fact, pay—Defendant's set rates in the past, the Court finds that Defendant has sufficiently alleged an agreement to pay the $12,000 remaining on Defendant's final invoice that utilized the same rates. The Court therefore finds that Defendant has stated a plausible claim for account stated. Plaintiff's Motion to Dismiss is denied as to Count II.

**Count III: Open Account**

Presumably pled as an alternative claim to Count II, Defendant's Count III is an open account claim based on the aforementioned $12,000 that Plaintiff allegedly owes on Defendant's final invoice. Dkt. 24 at 16. "[A]n open account has been defined as an 'unsettled debt arising from items of work and labor, goods sold and delivered with the expectation of further transactions subject to further

6

settlement.'" *Idearc Media Corp.*, 2009 WL 482293, at *2 (quoting *Central Ins. Underwriters, Inc. v. Nat'l Ins. Fin. Co.*, 599 So. 2d 1371, 1373 (Fla. 3d DCA 1992)). To state an open account claim, "the claimant must attach an 'itemized' copy of the account." *Id.* (citing *H & H Design Builders, Inc. v. Travelers' Indem. Co.*, 639 So. 2d 697, 700 (Fla. 5th DCA 1994)). "Moreover, an open account 'should not include express contracts or other obligations that have been reduced to writing.'" *Morse, LLC v. United Wis. Life Ins. Co.*, 356 F. Supp. 2d 1296, 1299 (S.D. Fla. 2005) (quoting *H & H Design Builders*, 639 So. 2d at 700).

In its present motion, Plaintiff contends that Defendant fails to state a claim for open account because Defendant has alleged an express agreement concerning Plaintiff's payment. Dkt. 28 at 8−9. Plaintiff also avers that Defendant has failed to attach the required itemized copy of the subject account. *Id.* at 9−10.

Concerning Plaintiff's first argument, the Court finds that Defendant has not alleged an express agreement that would preclude its open account claim. "In commercial transactions, an 'open account' should refer to an unsettled debt, arising from items of work or labor, goods sold and other open transactions *not reduced to writing*, the sole record of which is usually the account books of the owner of the demand." *H & H Design Builders*, 639 So. 2d at 700 (emphasis added) (citation omitted). Though Defendant has alleged that Plaintiff agreed to pay set rates for its services, there is no allegation that this agreement was reduced

7

to writing. Indeed, the "sole record" of this alleged debt appears to be the final invoice attached to Defendant's Counterclaim.

However, the Court agrees with Plaintiff that the final invoice attached to Defendant's Counterclaim is not a sufficient itemized account. An itemized account is understood to mean "a copy of the account showing items, time of accrual of each, and amount of each[.]" *See* Fla. R. Civ. P. Form 1.932; *see also Sherwin-Williams Auto. Finishes Corp. v. Shamrock Auto Body, LC*, 2010 WL 11507690, at *2−3 (M.D. Fla. Feb. 17, 2010). While the final invoice lists three episodes filmed by Defendant and the amount owed by Plaintiff for each episode, the barebones final invoice does not include the time of accrual of each. *See* Dkt. 24-1. Accordingly, Plaintiff's Motion to Dismiss is granted as to Count III.

**Count IV: Unjust Enrichment**

Finally, Defendant brings an unjust enrichment claim in Count IV. Plaintiff asserts that Defendant's Count IV unjust enrichment claim must be dismissed as conclusory. Dkt. 28 at 10−11. The Court agrees.

Count IV simply alleges that "Despite [Defendant]'s work for [Plaintiff], [Plaintiff] failed to pay [Defendant] all amounts owed." Dkt. 24 at 17. Having alleged no other facts to clarify what amounts Plaintiff has allegedly failed to pay, Defendant has not put Plaintiff on notice of the grounds upon which Count IV rests. To be sure, Count IV does not incorporate any other allegations made in

Defendant's Counterclaim, such as Plaintiff's alleged failure to pay $12,000 on Defendant's final invoice.[2] Due to the vague and conclusory nature of Defendant's unjust enrichment claim, Plaintiff's Motion to Dismiss is granted as to Count IV.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Dismiss Defendant's Counterclaim, Dkt. 28, is **GRANTED-IN-PART** and **DENIED-IN-PART**. Specifically, Plaintiff's motion is granted as to Counts III and IV but denied as to Counts I and II. Counts III and IV are **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Tampa, Florida, on February 2, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

---

[2] Defendant explicitly states that the Court's review of its Count IV unjust enrichment claim should *not* include consideration of Defendant's unincorporated allegation that "[Plaintiff] failed to pay a portion of the last invoice for a total owed remaining amount of $12,000." *See* Dkt. 29 at 10 (citing Dkt. 24 at 16). The basis of Count IV therefore remains unclear.