UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VOO-DOO DADDY PRODUCTIONS,
LLC, a Florida limited liability
company,

      Plaintiff/Counter-Defendant,

v.                                      Case No: 8:22-cv-1419-WFJ-AAS

COLORBLIND MEDIA, LLC, a Florida
limited liability company,

      Defendant/Counter-Plaintiff.
_____/

## ORDER

This matter comes before the Court on Defendant/Counter-Plaintiff Colorblind Media, LLC's ("Colorblind") Motion for Judgment on the Pleadings, Dkt. 36. Plaintiff/Counter-Defendant Voo-Doo Daddy Productions, LLC ("Voo-Doo Daddy") filed a response in opposition, Dkt. 39, to which Colorblind replied, Dkt. 42. Upon careful consideration, the Court denies Colorblind's motion.

## BACKGROUND

This case arises from a dispute between Voo-Doo Daddy, a company that co-produces a television series, and Colorblind, a production company that Voo-Doo Daddy hired to film, edit, and deliver episodes and other media (hereinafter the "Work") for the series. *See* Dkt. 16. The Court incorporates the detailed factual

allegations underlying this case as set forth in its prior Order granting Colorblind's Partial Motion to Dismiss. *See* Dkt. 23.

At this juncture, Voo-Doo Daddy's Amended Complaint consists of the following six counts: a request for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.*, that Voo-Doo Daddy owns the copyrights in the Work (Count I); a claim for common law unfair competition (Count II); a claim for common law trademark infringement (Count III); a claimed violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.204 (Count VII); a claim for breach of oral contract (Count VIII); and a claim for false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a), (Count IX). Dkt. 16 ¶¶ 44−60, 96−114. Colorblind now moves for judgment on the pleadings on each of these claims. Dkt. 36.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), a party may "move for judgment on the pleadings" after "the pleadings are closed." "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Att'y's Off. for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2020) (internal quotations omitted).

A Rule 12(c) motion is governed by the same standard as a Rule 12(b)(6)

2

motion for failure to state a claim. *Mergens v. Dreyfoos*, 166 F.3d 1114 (11th Cir. 1999). A court considering a defendant's Rule 12(c) motion must therefore accept the plaintiff's factual allegations as true and view them in the light most favorable to the plaintiff. *Hernandez v. Aurobindo Pharma USA, Inc.*, 582 F. Supp. 3d 1192, 1197 (M.D. Fla. 2022) (citations omitted).

## ANALYSIS

In its present motion, Colorblind contends that it is entitled to judgment on the pleadings because there exists no material question of fact regarding its ownership of the copyrights in the Work under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* Dkt. 36 at 1, 5. Colorblind asserts that its indisputable ownership of the copyrights is fatal to each of Voo-Doo Daddy's claims. *Id.* at 1–2. In response, Voo-Doo Daddy avers that the Court should permit the parties to continue their ongoing discovery and resolve this case at summary judgment. Dkt. 39 at 7. The Court agrees.

Here, the parties are actively engaged in discovery, with a hearing to resolve discovery issues scheduled to take place later this month. *See* Dkt. 40. Voo-Doo Daddy contends that this discovery process is allowing it to gather information necessary to prove its claims. *See* 39 at 11. Accepting Voo-Doo Daddy's factual allegations as true and drawing all reasonable inferences in its favor, as the Court must at this stage, the Court is unable to resolve this case on the pleadings. The

Court prefers to give Voo-Doo Daddy the opportunity to prove its case on the merits with the benefit of full discovery. In doing so, the Court expresses no opinion as to the merits of Colorblind's instant arguments, which Colorblind may assert in a summary judgment motion at a later date.

## CONCLUSION

For these reasons, Colorblind's Motion for Judgment on the Pleadings (Dkt. 36) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on April 17, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record